THE CHICAGO CITY RAILWAY COMPANY

*v.*

JOSEPH H. STRONG, Admr.

*Opinion filed October 23, 1907.*

1. TRIAL—*when refusal of a peremptory instruction is proper.* Refusal of an instruction to direct a verdict for the defendant street railway company in an action for causing the death of a boy is proper where there is evidence tending to show that the train which killed the boy was composed of three cars backing north upon a south-bound track; that the train stopped to replace the trolley; that as the boy was crossing the track the train started and ran over him, and that neither the motorman nor conductor was in a position to see or warn pedestrians.

2. SAME—*trial judge must control conduct of counsel.* It is the duty of the trial judge to control the conduct of counsel and prevent improper conduct and remarks and the use of unfair means to obtain a verdict, and unless it satisfactorily appears from the record that he has abused his discretion in that regard a court of review will not interfere.

3. EVIDENCE—*what is not proper cross-examination.* In an action against a street railway company for the killing of a boy, where the father of the deceased states, in answer to a question on cross-examination, that he had heard there were other boys on the street at the time of the accident and that he had learned the name of one, it is proper to sustain an objection to a question as to such boy's name where no question was asked in regard to it on direct examination, the whole matter being purely hearsay.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding.

WILLIAM J. HYNES, S. S. PAGE, and C. LEROY BROWN, (MASON B. STARRING, of counsel,) for appellant.

JAMES C. McSHANE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an action on the case to recover damages for the death of appellee's intestate, a boy between six and seven years old, who was killed by being run over by a car on appellant's street railway track. A judgment for plaintiff has been affirmed by the Appellate Court, and the appellant prosecutes this further appeal.

The errors urged for reversal are the overruling of a motion to find the defendant not guilty, sustaining objections to questions asked by defendant of one of plaintiff's witnesses on cross-examination, and improper remarks by plaintiff's attorney in his argument to the jury.

The train by which the deceased was killed consisted of two cinder cars and a motor car, and was backing north on the south-bound track, the motor car being on the south end of the train. Just before the accident the trolley came off the wire and there was a brief stop, during which the conductor climbed up on the motor car and fixed the trolley rope, which had broken. No one was on the north end of the train to give warning to pedestrians using the street. There was evidence tending to show that the deceased started to cross the tracks north of the train while it was standing still; that he was between the rails in the act of crossing when the train was started; that neither the motorman nor conductor, from their positions at the time, could see him or know whether or not the track was clear, and that the train was started without warning of any kind. It was not error to refuse the peremptory instruction.

The father of the deceased, in answer to the defendant's question on cross-examination, stated that he had heard there were other boys on the street at the time of the accident and had learned the name of one. An objection was sustained to a question as to that boy's name, and this ruling is assigned as error. The witness was not present at the time of the accident, and no question was put to him, on his

direct examination, in regard to it. What he had heard about the accident after its occurrence was hearsay. The question was not within the scope of proper cross-examination, and the objection to it was properly sustained.

The accident occurred in October, 1902, before the amendment of 1903 raising the limit of recovery from $5000 to $10,000. In the course of his closing argument to the jury counsel for appellee stated this change to the jury, and, upon objection made, a colloquy between counsel occurred, in which appellee's counsel stated: "And that law, like every other law, is expanding and being made more sensible every day." Appellee's counsel, in referring to a certain phase of the evidence, said: "Some of this was made for you, Mr. Russell; you are a motorman; a whole lot of this stuff is for you." Appellant's counsel objected to the addressing of a juror by name, and the court sustained the objection. Other statements made in the argument were also objected to.

The allusion to the change of law raising the limit of damages recoverable should not have been made. But while it was improper it does not appear that any of the remarks complained of were of such a prejudicial character as to require interference on our part. Brief extracts, only, from the addresses of counsel on either side appear in the record. It was the duty of the trial judge to prevent improper conduct on the part of counsel and the use of unfair means to obtain a verdict. Reliance must be placed, to a great extent, in his sound judgment and discretion in controlling the conduct of counsel and the scope and character of their arguments to the jury. Being present at the trial and cognizant of all that occurred, he had a much better opportunity than we have to determine whether the defendant was prejudiced by anything that was said there. Unless it satisfactorily appears from the record that he has abused his discretion in this regard a court of review will not interfere. *North Chi-*

*cago Street Railway Co.* v. *Cotton,* 140 Ill. 486; *Lake Erie and Western Railroad Co.* v. *Middleton,* 142 id. 550.

We cannot say that the court committed error in refusing to grant a new trial because of the misconduct of counsel.

*Judgment affirmed.*