### Martha J. Poole, Appellee, v. David S. Lansden, Executor, Appellant.

1. INTOXICATING LIQUORS, § 227*—*when evidence sufficient to sustain recovery by widow for death of husband.* In an action against dramshop keeper by widow to recover damages on account of the death of her husband, caused by his intoxication which was alleged to have been produced by sales of liquor to him by defendant, a verdict for plaintiff *held* sustained by the evidence.

2. INTOXICATING LIQUORS, § 245*—*when damages for injury to widow's means of support not excessive.* Verdict for five thousand dollars against dramshop keeper for injury to widow's means of support caused by death of husband resulting from intoxication produced by defendant, *held* not excessive.

3. JURY, § 48*—*when county board may prepare jury list.* County board may, during a term of court, meet and prepare a jury list out of which a jury may be selected for use at that term.

4. APPEAL AND ERROR, § 1502*—*when irregularity in method of selecting jury list not cause for reversal.* Irregularity in the

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Vol. CLXXXIII 39

method of selecting jury list not cause for reversal where appellant did not exhaust his peremptory challenges and record shows he was satisfied with the jury.

Appeal from the Circuit Court of Union county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913. Rehearing denied November 5, 1913.

A. NEY SESSIONS, ALFRED ADAMS, W. H. NELMS and F. P. DRENNAN, for appellant.

JAMES LINGLE and HILEMAN & CRAWFORD, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit of trespass on the case, brought under the provisions of the "Dram Shop Act" (J. & A. ¶4609) by appellee, to recover damages on account of the death of her husband, caused by his intoxication, which intoxication is alleged to have been produced by sales of liquor made to him by appellant.

The declaration, which consists of one count, charged that the defendant on the 20th day of August, 1910, in Tamms, in the county of Alexander, was then and there the keeper of the dramshop, and that on said day sold and gave to one Edward Poole, the husband of Martha J. Poole, plaintiff, intoxicating liquors which he, the said Edward Poole, then and there drank and in consequence said Edward Poole then and there became and was intoxicated, and in consequence thereof on the said day he became and was unable to manage and control a certain team of horses, which he, the said Edward Poole, was then and there driving, while so intoxicated as aforesaid. Whereby, and in consequence of said premises, said team became unmanageable and ran away with the said Edward Poole and threw him, the said Edward Poole, with great force and violence to the ground, thereby giving to the said Edward Poole fatal wounds and injuries from which said wounds and

injuries, the said Edward Poole on the 22nd day of August, 1910, died.

The declaration further alleges that said Edward Poole, on the day of his death and for a long time preceding thereto, followed the business of farmer, and derived a large income therefrom.

The trial resulted in a verdict and judgment against appellant for five thousand dollars, to reverse which appellant prosecutes this appeal. Twenty-one errors have been assigned on the record by appellant. We do not deem it necessary to consider and discuss in this opinion more than two or three of the alleged errors.

When the case was called for trial in the court below, the defendant made a motion to quash the array of jurors and the court on consideration of that motion sustained and quashed the array. The array was quashed upon the ground that the county board neglected to make up a ten per cent. list of the voters as required by section 1 of chapter 78 of the Revised Statutes of Illinois. (J. & A. ¶ 6831.) The court was then confronted with a situation where it found itself without a panel and without a legally composed list in a box from which to draw a panel. The county board was thereupon assembled and made up the required ten per cent. list and from such list they selected one hundred names for each term of court provided for by law and placed the names so selected in a jury box. It was from this box that the panel in question was drawn by the clerk in the manner provided by the statute. It is this panel which is challenged.

It is urged by appellant that it was contrary to law for the county board to meet and prepare a jury list during the term of the court, and out of which a jury was to be selected for use at that term of court. It will be observed that section 3 of said chapter of the statute (J. & A. ¶ 6833) provides: "If, for any reason, the list or the selection provided for in the foregoing sections of this Act shall not be made at the meeting of the board held at the time specified, such list or selection

shall be made at any meeting to be held as soon thereafter as may be." Here is found ample authority for the action of the board in providing the list and the authority of the court to recognize the legality of the selection so made.

When the first motion to quash the array was sustained the court was without a legally drawn panel of jurors. To meet such a condition section 12 of the said chapter 78 (J. & A. ¶ 6842) was enacted, containing the following: "If for any reason the panel of petit jurors shall not be full at the opening of such court, or at any time during the term, the clerk of such court may again repair to the office of the county clerk and draw in the same manner as at the first drawing such numbers of jurors as the court shall direct, to fill such panel." Here is found ample authority for the court to direct the clerk to proceed to draw a panel of jurors, and this is what the court ordered in the case at bar after the list had been prepared by the county board and the clerk.

It is contended further by appellant that the ten per cent. list from which the jurors were selected was taken from a list of names made out in 1909, 1910 and 1912.

The testimony of Charles L. Kimmel, county clerk, who described in detail the method pursued by the county board in making up the list, said: "The names came from poll books, the majority of which were placed in boxes at the June and September meetings, 1910, perhaps some from the December meeting, 1909, and took sufficient number of names from the poll books of the November election 1912, to complete the full list of ten per cent." Appellant contends that this method was without warrant of law, for the reason that the section 5 of said chapter 78 (J. & A. ¶ 6835) requires that the list be made every two years or sooner if the list is exhausted. Even though the method pursued in the selection of the list might technically be regarded as irregular, still it is not of that character

of irregularity which could be held as prejudicial to the defendant. In the case of *Siebert v. People,* 143 Ill. 571, the Court said: "It is not claimed that the jury selected in the mode it was selected was prejudiced against defendants, or that they were not fair-minded men, and of sufficient intelligence to faithfully and intelligently discharge their duties as jurors, but, on the other hand, the jury seemed to be satisfactory to the defendants when taken. The defendants, in the selection of the jury, did not exhaust but a little more than one-half of their peremptory challenges. No one of the jurors selected were forced upon the defendants, but they were all voluntarily accepted. Indeed the only complaint now made is that the jury was not selected in the technical mode required by the statute, and for that reason, and that alone, the judgment should be reversed." We cannot concur in that view. While the statute was not strictly followed in the selection of a jury, still the record fails to show that the rights of the defendants were in any manner prejudiced, and we cannot hold that the irregularity should result in a reversal of the judgment.

Again in the case of *People v. Madison County,* reported in 125 Ill. 334, it was held: "If it be assumed that the jury was obtained irregularly, a challenge to the array will not be sustained, where it is not also shown that a positive injury has been sustained in consequence of the refusal of the court to quash the panel."

In the case at bar, it is not contended by appellant that his peremptory challenges had been exhausted and that he was forced to take a jury that was not to his liking. So far as this record discloses, the defendant was perfectly satisfied with the make-up of the jury. We fail to discover in this record such irregularities in the selection of the jury as to require a reversal of the case.

It is nowhere denied by appellant that he sold intoxicating liquors to appellee's intestate, and in the face

of this record it could not seriously be contended that appellee's intestate was not in an intoxicated condition at the time he received his injury and death; and while some attempt is made to argue against the claim that the death of Edward Poole was the result of his intoxication, but that it resulted from the fact that the wheels of the wagon in which said Edward Poole was driving came in contact with some stumps along the roadside, and that the stumps were the proximate cause of the injury, still this contention hardly deserves serious consideration. With greater earnestness and plausibility, appellant contends that the judgment is excessive.

In a case of this character, plaintiff's right to recover must be predicated upon an injury to her means of support. Appellant contends that appellee was not injured in her means of support for the reason that her husband was a retired farmer and not actively engaged in business. The evidence shows that at the time of his death said Edward Poole was the owner of a residence in the city of Anna, which was worth between four and five thousand dollars, and that he was also the owner of that three hundred and twenty acres of land in said county of Union, which was worth in the neighborhood of thirty thousand dollars. Her interest in the house and lot on which she lived was worth probably two thousand, dower and homestead both being considered. The value of the house and lot in excess of the dower and homestead estate belonged to the heir.

The proof shows without controversy that the annual rental of her interest in the farms does not produce over four hundred dollars and out of this amount she must pay one-third of the taxes and repairs. The evidence shows that it would require considerably more than her income for her reasonable support, considering her station in life and the character of support given her by her husband prior to his death. The evidence shows that her husband was sixty-two years of age at the time he was killed.

Appellant contends that one of the appellee's attorneys, in the argument made before the jury, referred to some of the jurors by name and that his conduct in that regard was prejudical. It is also contended that the same attorney, in referring to the absence of the appellant at the trial, said: "The defendant did not have nerve enough to come here and face a jury in that case."

Objections were made both to the reference to jurors by name and to the use of the language concerning appellant's absence and each objection was sustained by the court. The conduct of the attorney in both particulars was highly improper.

It is not commendable for attorneys to address a juror by name while making an argument to the jury. And while the courts have not regarded such conduct in itself sufficient for reversal, it is now universally held to be highly improper. Nor can this court approve the language the attorney uesd in referring to appellant's absence. However, before a court would be warranted in condemning such remarks, all the circumstances preceding would have to be taken into consideration. The appellant was absent. The attorney for appellant had commented on his inability to be present in such a way as to arouse the sympathy of the jury, and the language employed by appellee's attorney was used to meet it.

It appears that much exaggeration of both fact and law was indulged in by attorneys for appellant and this was calculated to invite strong assertions from opponents. We fail to find in this record such misconduct of appellee's attorneys as would require a reversal. We find nothing to indicate that the verdict of the jury was a result of passion or prejudice arising from such conduct. *Chicago City Ry. Co. v. Strong,* 230 Ill. 58.

The record contains but brief extracts of the argument, while the trial court heard the whole arguments of attorneys. The trial court evidently saw nothing

prejudicial in the conduct of appellee's attorneys since it approved the verdict. The verdict of the trial court will therefore be affirmed.

*Affirmed.*