CATHERINE NAGLE, Appellee, *vs.* JOHN KELLER, Appellant.

*Opinion filed December 15, 1908.*

1. DRAM-SHOPS—*sister may recover for loss of support by her brother.* One who is infirm and unable to earn a living and who has been receiving support from her brother may maintain an action under section 9 of the Dram-shop act for deprivation of such support, caused by the act of defendants in furnishing the brother with intoxicating liquors, in consequence of which he became an habitual drunkard, squandered his property and ultimately died.

2. APPEALS AND ERRORS—*when objections to an instruction are waived.* Objections to an instruction which are not presented to the Appellate Court are waived, and cannot be urged for the first time on further appeal to the Supreme Court.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

GOLDZIER, RODGERS & FROEHLICH, for appellant.

C. H. PENDLETON, and W. W. MATTISON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee, Catherine Nagle, brought suit, under section 9 of the Dram-shop act, against John Keller, the appellant, Peter McCarthy and Victor Briard, for damages to her means of support, caused by the sale of intoxicating liquors to her brother, John W. Nagle. The cause was discontinued as to Victor Briard during the trial and judgment for $3000 was rendered against the remaining defendants. John Keller appealed. The Appellate Court affirmed the judgment, and he has now appealed to this court.

It is argued that the appellee is not a person entitled to bring suit under the act. The section provides that "every husband, wife, child, parent, guardian, employer or other person, who shall be injured in person or property, or

means of support, by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons."

So far as the question whether or not the appellee received support from her brother is concerned, it is concluded by the judgment of the Appellate Court. It is contended, however, that the appellee had no legal right to the support she received, and therefore no claim for damages on account of being deprived of it. The declaration averred, and as the record is presented in this court it is to be taken as true, that the appellee had been for thirty years infirm and of delicate health and unable to earn a livelihood, and had been supported by and dependent for her support on her brother, John W. Nagle, for twenty-five years before the acts complained of; that prior to said acts said John W. Nagle was engaged in business from which he derived a substantial income, and was possessed of property, by means whereof he was able to provide a comfortable maintenance for the appellee, but that the appellant, by selling and giving him intoxicating liquors, caused him to become habitually intoxicated, and in consequence thereof he neglected his business, squandered his money, became reduced and ruined in mind, body and estate, and failed to provide employment for himself or support for the appellee, and in further consequence of such habitual intoxication he died.

The statute gives a cause of action to any person who shall be injured in person, property or means of support, either by an intoxicated person or in consequence of the intoxication of any person, against the person causing such intoxication. There seems to be no room for construction. It is not necessary that the person injured should sustain

any business or personal relation to the intoxicated person. Any person sustaining an injury of the kind mentioned, whether directly by the act of an intoxicated person or indirectly in consequence of his intoxication, may maintain the action. (*King* v. *Haley,* 86 Ill. 106.) The appellee was, in fact, supported by her brother. She was dependent upon him and he was legally liable for her support. She was wholly without means and unable to earn a livelihood. Under the circumstances disclosed by the record the statute (Rev. Stat. chap. 107,) imposed upon her brother the duty of supporting her. (*People* v. *Hill,* 163 Ill. 186; *Danley* v. *Hibbard,* 222 id. 88.) Whether it was a legal right which appellee could have enforced against her brother or not, it was a legal liability which the law imposed upon him and provided means for enforcing, of which she was receiving the benefit and which she was deprived of in consequence of his intoxication. The statute gives her a cause of action for such deprivation.

Various objections are urged to the third instruction given to the jury. The only objection made to this instruction in the Appellate Court was, that it authorized the assessment of exemplary damages against the appellant, who was the owner and lessor of the premises and had nothing to do with the actual sales of intoxicating liquors. That objection is not made here, but it is now insisted that there are various other valid objections to the instruction not mentioned in the Appellate Court. These objections we do not regard as meritorious, and, in any event, they have been waived by the failure to present them to the Appellate Court.

The judgment will be affirmed.        *Judgment affirmed.*