Economy Auto Insurance Company, Appellant, v. Joe Brown, Trading as Joe Brown's Tavern et al., Appellees.

Gen. No. 10,227.

Opinion filed June 4, 1948. Released for publication June 25, 1948.

WYATT JACOB, of Chicago, for appellant; CHARLES E. HECKLER, of Chicago, of counsel.

LORD, BISSELL & KADYK, of Chicago, for certain appellees; GORDON R. CLOSE and LEONARD F. MARTIN, both of Chicago, of counsel.

CHARLES E. JACK, of Waukegan, and JAMES J. McKENNA, of Chicago, for certain other appellee; BERNARD H. BERTRAND, of Chicago, of counsel.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is a proceeding for damages under the Dram Shop Act by plaintiff, Economy Auto Insurance Company, a corporation, to recover sums paid in settlement of liability claims against its insured, Thomas Roach, who injured divers persons while driving his car in an intoxicated condition caused by the consumption of alcoholic beverages purchased from defendants.

The circuit court of Lake county sustained defendants' motion to strike the complaint on the ground that it failed to state a cause of action, and dismissed the suit. From that judgment plaintiff has appealed to this court.

The sole issue presented in this cause is a question of law—whether the right of action conferred by the Dram Shop Act may be invoked by an insurance carrier on the theory that, in settling claims against its insured who committed certain wrongful acts while intoxicated, it sustained a property damage in consequence of intoxication under the terms of the statute.

It is readily conceded that the rights asserted by plaintiff are without precedent in this or any other jurisdiction. It is incumbent upon the court to determine from the terms and purport of the statute, and from the tenor and scope of the decisions interpreting it, whether plaintiff's cause of action can legitimately come within the purview of the Dram Shop Act.

Section 14 of the Dram Shop Act (ch. 43, par. 135, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 68.042]) provides:

"Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, by any intoxicated

person, or in consequence of the intoxication habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person. . . ."

The courts have held that the objective of this provision is to encourage temperance in the consumption of alcoholic beverages by making those who furnish the means of intoxication liable for the damage caused thereby; and, as remedial legislation, this provision must be construed "to suppress the mischief and advance the remedy." (*Hyba v. C. A. Horneman, Inc.,* 302 Ill. App. 143; *Klopp v. Benevolent Protective Order of Elks, Lodge No. 281,* 309 Ill. App. 145; *Thompson v. Wogan,* 309 Ill. App. 413.)

To effectuate this objective, the statute has been construed to confer two separate and distinct causes of action, unknown at common law, against persons who may have caused the intoxication. The first right of action is granted to persons sustaining injuries to person or property, or means of support, inflicted "by an intoxicated person," and the second, applies to such injuries sustained "in consequence of intoxication." (*King v. Haley,* 86 Ill. 106, 108.)

In the instant case plaintiff's alleged rights are asserted for injuries sustained in consequence of intoxication, inasmuch as its insured, Thomas Roach, inflicted direct injury only upon the persons and the car with which he collided, and in no way directly damaged plaintiff's property.

In accordance with recognized principles of statutory construction, the words "in consequence of" appearing in the Dram Shop Act have been given their accepted common-law meaning in the absence of a statutory definition, (*Meadowcroft v. Winnebago County,* 181 Ill. 504) hence, in asserting this cause of action plaintiff must allege facts showing that its prop-

erty loss was "proximately caused" by the intoxication of Roach. (*Whiteside v. O'Connors,* 162 Ill. App. 108; *Cope v. Gepford,* 326 Ill. App. 171; *Bejnarowicz v. Bakos,* 332 Ill. App. 151; *Cox v. Hrasky,* 318 Ill. App. 287; 30 Am. Juris. 581.)

Plaintiff contends, however, that the doctrine of proximate cause has no application to dram shop cases. The court in the *Whiteside* case, *supra,* unequivocally rejected that contention and stated:

"When the action is for any injury resulting from the direct, affirmative act of an intoxicated person, the doctrine of proximate cause has no application, and a liability accrues upon proof of that fact, but where the action is for an injury resulting 'in consequence of intoxication habitual or otherwise,' it is incumbent upon plaintiff to show that such intoxication was the proximate cause of the injury."

Moreover, the court reconciled many of the cases cited by plaintiff with the general rule promulgated therein.

In *Jack v. Prosperity Globe,* 147 Ill. App. 176, relied upon by plaintiff, the court authorized recovery in a case where plaintiff sued for loss of support under the Dram Shop Act where her father drank carbolic acid while intoxicated, and stated that the question of proximate cause and foreseeability was not involved. Inasmuch as the act of committing suicide was the direct affirmative act of the intoxicated person, the statement that the doctrine of proximate cause was not applicable is clearly consistent with the established weight of authority, and does not relieve plaintiff from establishing the element of proximate cause in the instant case.

Nor do the other cases cited by plaintiff sustain its contention. In *Roth v. Eppy,* 80 Ill. 283, the court condemned a tendered instruction because it required the jury to find that the selling of liquors was the proximate cause, whereas the requirement of the statute is

that the intoxication be the proximate cause. In *Nagle v. Keller,* 237 Ill. 431, the only issue was whether plaintiff was a member of the class of persons entitled to recover for injury to "means of support" under the statute, and inasmuch as she was dependent upon her brother for support, and he was under a legal liability to support her, the court held that she was deprived of this support in consequence of his intoxication and therefore she had a proper cause of action.

In *Schroder v. Crawford,* 94 Ill. 357; *Poole v. Lansden,* 183 Ill. App. 609 and *Meyer v. Butterbrodt,* 146 Ill. 131, the courts recognized the requirement of establishing proximate cause in cases under the Dram Shop Act where the injury is sustained in consequence of intoxication, and merely determined in each case whether the particular injuries were proximately caused by the intoxication.

This court, moreover, cannot sustain plaintiff's assertion that the question of whether intoxication is a proximate cause of the alleged injury is a question for the jury. For, where that issue is presented by a motion to strike the complaint, as in the instant case, or, as under the old procedure by a demurrer to the declaration, it is a question of law. (*Schulte v. Schleeper,* 210 Ill. 357; *Hullinger v. Worrell,* 82 Ill. 220.)

It is, therefore, the province of this court in deciding whether the circuit court erred in dismissing plaintiff's complaint to determine whether plaintiff's alleged injury to property, by virtue of the payments made pursuant to its contract of insurance with Roach, was proximately caused by, or in consequence of, Roach's intoxication.

The Illinois cases are replete with formulations of the general rules for determining what constitutes a proximate cause (*Whiteside v. O'Connors, supra,* and cases cited therein; *Seith v. Commonwealth Elec. Co.,* 241 Ill. 252; *Illinois Cent. R. Co. v. Oswald.*

338 Ill. 270) and in each case the inquiry is whether the injury was the natural and probable consequence of the negligence, or, as in cases under the Dram Shop Act, of the intoxication. Where the intoxication does nothing more than furnish a condition by which an injury is made possible by the subsequent independent intervening act of a third person or force, the intoxication is not the proximate cause of the injury, (*Whiteside v. O'Connors, supra*) and the intervening act becomes the direct and immediate cause of the injury. (*Illinois Cent. R. Co. v. Oswald, supra,* and cases cited therein at p. 273 *et seq.*)

In the instant case plaintiff's alleged property loss was in consequence of its policy of liability insurance with Roach and its voluntary payment of claims thereunder to persons injured by Roach. This contract was entirely independent of, and in no way connected with the intoxication; it was entered into voluntarily by Thomas Roach and the plaintiff some time prior to the collision, and plaintiff received premiums based upon the calculated risk as consideration for its contingent liability. Under the terms of the contract plaintiff might properly have been called upon to make payments irrespective of Roach's intoxication or his purchase of alcoholic beverages from defendants. This contract of insurance was, therefore, not a natural and probable consequence of the intoxication, but rather an independent intervening factor, and the intoxication, at most, merely furnished a condition for the operation of the contract. Nor can it be contended that defendants knew of the existence of the contract, and deliberately caused plaintiff to become liable thereunder. The intoxication of Roach may have caused injury to the persons in the car with which he collided, so that they may have properly asserted a cause of action under the Dram Shop Act, but it was not the proximate cause of plaintiff's payments under

its policy, and any alleged property damage was, therefore, remote and indirect.

This analysis of the issue of proximate cause in the case at bar is consistent, and in accordance with the decisions of eminent jurists in common-law negligence cases, where the concept of proximate cause originated.

MR. JUSTICE HOLMES denied liability in *Robins Dry Dock & Repair Co. v. Flint,* 275 U. S. 303, where plaintiff claimed it had sustained a loss caused by the delay occasioned when the vessel it chartered from the owner was damaged by the defendant Dry Dock Company's negligence. The court stated:

"Their loss arose only through their contract with the owners . . . no authority need be cited to show that as a general rule, at least, a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong . . . . The law does not spread its protection so far."

In *Connecticut Mut. Life Ins. Co. v. New York & N. H. R. Co.,* 25 Conn. 265, an insurance case singularly analogous to the instant case, the Supreme Court of Connecticut held that an action could not be maintained where the plaintiff life insurance company sued the railroad company for payments made under a policy insuring the life of Samuel Beach who was fatally injured as a result of defendant's negligence. In concluding that the loss to plaintiff was not the proximate cause of defendant's negligence the court stated:

". . . the loss of the plaintiffs, although due to the acts of the railroad company, being brought home to the insurers only through their artificial relation of contractors with the party who was the immediate subject of the wrong done by the railroad company, was

a remote and indirect consequence of the misconduct of the defendants and not actionable."

In the instant case the alleged loss to the plaintiff insurance company was sustained only through its contractual relation with its insured, Roach. To complete the analogy to the aforementioned case, moreover, Roach's status is comparable to that of Beach, the insured, and defendants' positions may be deemed similar to that of the negligent tortfeasor, inasmuch as the Dram Shop Act imposes liability for the selling or giving of alcoholic liquor causing intoxication, rather than for negligence. Under the Connecticut decision, quoted with approval and cited as precedent by the courts of other jurisdictions, plaintiff's alleged property damage would be deemed remote and indirect. (*The Federal No. 2*, 21 F. (2d) 313; *Crab Orchard Imp. Co. v. Chesapeake & O. Ry. Co.*, 115 F. (2d) 277; *Stevenson v. East Ohio Gas Co.*, 73 N. E. (2d) 200 (Ohio).)

The court in the Connecticut insurance case stated further that the cases in which insurers have been permitted to recover against the party injuring the policyholder, under the doctrine of subrogation, are not in contravention to its determination that the insurer's loss is the remote rather than the proximate cause of the negligence. The theory of the subrogation cases is predicated on the equitable doctrine that one who has indemnified another in pursuance of his obligation to do so, is entitled to the means of redress held by the party indemnified against the individual causing the loss. It is a right exercised by the insurer as successor to the remedies of the person indemnified, rather than in its own right.

In the case at bar, however, no such right of subrogation exists. Plaintiff, as insurer of Roach, would be entitled to such remedies as he could properly assert, and inasmuch as he was the intoxicated

tortfeasor he acquired no rights either against the dram shop keepers or the persons with whom he collided.

To permit plaintiff to invoke and recover under the Dram Shop Act would be to impose liability under this statute in every case where a person or corporation had a contract with an individual who became intoxicated, and by reason thereof, caused the person or corporation to sustain a loss under the contract. Not only would this result produce a flood of spurious litigation, but it would unwarrantably shift the burden of economic loss upon the dram shop keepers, and pervert the avowed purpose of the statute.

Plaintiff contends that the Act should be liberally construed to effectuate its broad objectives. It is not conceivable to this court, however, just how the "mischief of intoxication is suppressed" and the broad purposes of the statute are promoted by permitting an insurance carrier, which has made payments under its liability policy, and thereby merely fulfilled its undertaking, to shift its business risks to the dram shop keepers. Obviously, such carriers were not the class of "persons" for whose benefit the statute was enacted, and imposing liability upon the defendants, who allegedly caused the intoxication of the insured, in order to reimburse the carrier, is clearly not in furtherance of the objectives of the statute, nor in accordance with the terms thereof as interpreted by the courts.

It is the judgment of this court, therefore, that inasmuch as the complaint failed to state a cause of action, the circuit court committed no error in dismissing the suit, and its judgment should properly be affirmed.

*Judgment affirmed.*