New Amsterdam Casualty Company, and Norwood Hotel Corporation, for use of New Amsterdam Casualty Company, Appellants, v. Lambert Gerin, a/k/a Lambert Guerin, et al., Appellees.

**Gen. No. 46,731.**

First District, Third Division.

April 4, 1956.

Released for publication April 30, 1956.

Orville R. Seiter, of Chicago, for plaintiffs-appellants.

Jacobs, Miller, Hopkins & Rooney, Heineke and Conklin, Robert L. Brody, George Gore, and McKinley, Price and Appelman, all of Chicago, for appellees; Charles I. Hopkins, Jr., William H. Schrader, Louis Dennen, Robert L. Brody, and Charles D. Snewind, all of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court.

This is a Dram Shop action by the New Amsterdam Casualty Company and the Norwood Hotel Corporation for use of New Amsterdam. Motions to dismiss were sustained and judgment entered in favor of defendants. Plaintiffs have appealed.

Plaintiffs alleged that defendant tavern operators gave or sold liquor to defendant Gerin, causing his intoxication, and "while so intoxicated, or in the alternative, in consequence of and as a proximate result" thereof, he, when a guest at the Norwood Hotel, set fire to the building causing injury to other guests, who filed suits against the hotel. New Amsterdam, a public liability carrier for the hotel, "defended and settled" these actions. New Amsterdam seeks damages to the extent of the statutory limit to compensate in part for the cost of settlement of these various suits. By amendment to the complaint New Amsterdam further alleges that it has been subrogated to the rights of the hotel and therefore may recover on "its rights of recovery arising out of the aforesaid payments."

There are two main questions to be answered. One is whether New Amsterdam is within that class of persons to whom the Dram Shop Act gives relief; the other is whether the Norwood Hotel has a cause of action to which New Amsterdam could become sub-

546

rogated. We are of the opinion that both questions must be answered in the negative.

Plaintiffs cite no Illinois case in which an insurance carrier or even an injured corporation was allowed to recover in a Dram Shop suit. They rely on a Michigan case, arguing that the statute in that case, which is substantially the same as the Illinois act, was held to apply to an insurance company in a case similar on the facts. McDaniel v. Crapo, 326 Mich. 555, 40 N.W.2d 724. However, the Appellate Court of Illinois, Second District, has held that a liability insurer of the intoxicated person was not allowed to recover for injury incurred by the settlement of pending claims. Economy Auto Ins. Co. v. Brown, 334 Ill. App. 579. Justice Bristow, speaking for the court, said at page 589:

"It is not conceivable to this court, however, just how the 'mischief of intoxication is suppressed' and the broad purposes of the statute are promoted by permitting an insurance carrier, which has made payments under its liability policy, and thereby merely fulfilled its undertaking, to shift its business risks to dram shop keepers. Obviously, such carriers were not the class of 'persons' for whose benefit the statute was enacted . . . ."

■ ■ There is a good basis in the principles of legislative construction for the conclusion of the Economy case. The act states that "every husband, wife, child, parent, guardian, employer or other person, who shall be injured in person or property, . . . shall have a right of action . . . ." Ill. Rev. Stat. 1953, Chap 43, Section 135. The act itself and the cases decided on the point indicate that since it is remedial the act should be given a liberal construction. Ill. Rev. Stat. 1953, Chap. 43, Section 94; Economy Auto Ins. Co. v. Brown, 334 Ill. App. 579, 583. But even under a liberal construction we cannot construe the

547

act beyond the intent of the legislature. The well-known principle of construction, ejusdem generis, precludes extension of the term "other person" beyond the classes specifically enumerated. To be included, therefore, within the term "other person" the injured party must be of the same general classification as a "husband, wife, child, guardian or employer." There is no indication that the legislature intended "other person" to include an insurance carrier.

The Economy case was decided in 1948 and if this decision did not truly interpret the legislative intent, ample time has intervened during which the legislature could have clarified its intention by amendment.

■ New Amsterdam further alleges that it has been subrogated to the rights of its insured by virtue of the terms of the policy. But it is basic that the subrogee can have no greater rights than the subrogor. We are of the opinion that in this case the hotel has no cause of action, and therefore New Amsterdam cannot be subrogated.

■ The complaint specifically alleges, and we consider as true when reviewing an order sustaining a motion to dismiss, that the suits by the injured guests were "defended and settled." From this fact as alleged, an implicit admission of liability, we think two inferences may be drawn; first, that the hotel must have been negligent or otherwise breached its duty as innkeeper, and further that this conduct must have proximately caused the guests' injury. If the hotel had not breached its duty in this manner it would not have been injured, as to the personal injury actions, despite what Gerin did. This fact shows the intervention of an agency "sufficient of itself to stand as the cause of the injury" and distinguishes Jones v. Keilbach, 295 Ill. App. 598, 602. The hotel brought the injury upon itself and should not be permitted to impose liability upon those who contributed to Gerin's intoxication,

548

where that intoxication did not, but plaintiff's own default did, bring about the injury.

■ We have drawn these inferences of the hotel's negligence and of this negligence being the proximate cause of the injury, notwithstanding a general allegation in the complaint that at all times both the hotel and New Amsterdam were in the "exercise of due care." We are of the opinion that the more specific allegation concerning settlement of the prior suits, and the inferences drawn therefrom, controls this situation. Baker v. Brown, 298 Ill. App. 173, 180–181. When construing the pleading, we do so most strongly against the pleader until a verdict on the merits. Sargent Co. v. Baublis, 215 Ill. 428, 430; Wright v. Federal Wrecking Co., 331 Ill. App. 231, 238.

■ Even though the complaint alleges in the alternative that plaintiffs were injured either directly by the intoxicated person or in consequence of his intoxication, we are of the opinion that the only case actually pleaded is an "in consequence" type case. Since it is an "in consequence" case, the complaint must show that the intoxication was the proximate cause of the injury. Cope v. Gepford, 326 Ill. App. 171, 181–182. Thus, the hotel, or New Amsterdam as its subrogee, can recover only if able to establish that Gerin's intoxication proximately caused whatever injury it suffered. But we have already concluded that the proximate cause of the injury to the guests must have been the negligent conduct of the hotel, and since the injury to the hotel followed only as a consequence of the injury to these guests, and since it was therefore even more remote, we are of the opinion that Gerin's intoxication could not have been the proximate cause of the hotel's injury. It will be noted that the hotel complains, not of any physical damage to the premises, but only of injury through settlement of the claims of the injured guests.

We conclude that plaintiffs have not stated a cause of action in their complaint and that the motions to dismiss were properly sustained.

Judgment affirmed.

LEWE, P. J. and FEINBERG, J., concur.