Robert Eager, d/b/a Eastman Hotel, and Robert Eager, for use of Auto-Owners (Mutual) Insurance Company, Plaintiffs-Appellants, v. Maurice E. Nathan, d/b/a Arrow Liquor Store et al., Defendants-Appellees.

Gen. No. 11,040.

Second District.
September 11, 1957.
Released for publication September 28, 1957.

Knight & Knight, of Rockford (William D. Knight, Jr., of counsel) for appellants.

John H. Page, and Maynard & Maynard, of Rockford (James F. Maynard, of counsel) for appellees.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

Robert Eager, doing business as Eastman Hotel, individually, and for the use of Auto-Owners (Mutual) Insurance Company, filed his two-count complaint against the defendants, who are operators of certain

taverns, to recover damages he alleged he sustained as a result of the death of his employee, James J. Dillon.

The first count alleged that the plaintiff was the owner and operator of the Eastman Hotel in the city of Rockford, Illinois, and that he employed said James J. Dillon as night manager of that hotel; that on July 17, 1954, one Carl Swenson made an assault upon his said employee, James J. Dillon, and shot and killed him while he, Dillon, was performing his duties as night clerk at the hotel; that Swenson was intoxicated at the time of the shooting and had been sold or given alcoholic liquor by the defendants, which liquor caused his intoxication in whole or in part.

This count then, after referring to the applicable provisions of the Dramshop Act, alleged that the plaintiff and his employee, Dillon, were governed by the provisions of the Workmen's Compensation Law of this state and that he, Eager, carried a policy of compensation insurance issued by the Auto-Owners (Mutual) Insurance Company; and that as a direct result of the intoxication of the said Carl Swenson and the consequent shooting and death of the said James J. Dillon, plaintiff has been required, pursuant to the provisions and requirements of the Workmen's Compensation Law, to pay, by and through his insurance company, to Beulah Dillon, the widow of said employee of the plaintiff, the sum of $6,375 and has been deprived of great gains and profits which his said hotel business and said employee would otherwise have earned and produced. This count concludes that plaintiff has been injured in his property by said intoxicated person in the sum of $15,000 for which he prayed judgment.

Count two of the complaint repeated the same allegations except that plaintiff did not allege that he had been deprived of great gains and profits in his business. By this count plaintiff claimed damages only

for injury to his property in the amount of $6,375, which he paid, by and through his insurance company, to Beulah Dillon, the surviving widow of his employee, James J. Dillon.

The trial court sustained the motions of all the defendants to dismiss on the ground that neither count of the complaint stated a cause of action, and from an appropriate final judgment in favor of the defendants dismissing the complaint and each count thereof this appeal is prosecuted.

One phase of the litigation arising out of the death of James J. Dillon has been before this court, and the case is reported as Dillon v. Nathan, 10 Ill.App.2d 289. The facts there stated need not be repeated.

The applicable portion of the section of the Dramshop Act upon which plaintiffs predicate this action provides that every husband, wife, child, parent, guardian, employer or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person (Ill. Rev. Stat. 1953, chap. 43, sec. 135).

It is insisted by appellant that as a result of the killing of Dillon in plaintiff's hotel by the intoxicated Swenson he has been injured in his property by the payment of $6,375 to the widow of James Dillon and by the loss of earnings and profits by the hotel which he owned.

Counsel for appellees contend that appellant's claim for the alleged loss of speculative hotel profits and his claim for reimbursement to his insurance carrier for money paid under the provisions of the Workmen's Compensation Law to Dillon's widow are not claims

for injury "to property" within the intent and meaning of the Dramshop Act. Counsel for appellees argue that the Dramshop Act makes no provisions for the recovery of a pecuniary loss or for injury to intangible property as does the Wrongful Death Act, but only provides for a recovery where there has been an injury to tangible, real or personal, property.

Howlett v. Doglio, 402 Ill. 311, was an action by a mother against certain tavern owners alleging that her daughter had been killed in an automobile collision caused by an intoxicated person to whom the defendants, tavern owners, had sold or given intoxicating liquors. The complaint alleged that as a direct and proximate result of the death of her daughter she had "been damaged in her property in the sum of $10,000." A trial resulted in judgments in favor of plaintiff and against each defendant for $3,000. Those judgments were reversed by the Appellate Court for the Third District. (334 Ill. App. 512.)

In affirming the judgment of the Appellate Court the Supreme Court held that the only kind of property for which damages could be recovered under the Dramshop Act was tangible, real or personal property. In the course of its opinion, the court referred to Stevens v. Cheney, 36 Hun (N. Y.) 1, which was an action brought by a father against those selling intoxicating liquor to his adult son, who, as a result of becoming intoxicated, sustained accidental injuries rendering necessary the amputation of his legs.

In Stevens v. Cheney, supra, quoted with approval in Howlett v. Doglio, supra, the Court of Appeals of New York, after referring to the provisions of the New York statute which gave a cause of action to every husband, wife, child, guardian, employer or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise,

421

of any person, against any person or persons who shall, by selling or giving away intoxicating liquors, have caused the intoxication in whole or in part of such person or persons, said: "In order to recover, however, he (the plaintiff) must establish the fact that he has been injured either in his person, property or means of support. In this case there is no claim that the plaintiff has been injured in his person, and there is no evidence tending to show that he has been injured in his property. An injury to property is an actionable act whereby the estate of another is lessened other than a personal injury or the breach of a contract. (Citation) It was the plaintiff's son that was injured, and the father has no property in the son. If it had been his horse or cow . . . that was injured, then it would be an injury to property."

Appellants insist that an insurance carrier is included within the meaning of the words "any person" and "or other person" as these words are used in the Dramshop Act. In Economy Auto Ins. Co. v. Brown, 334 Ill. App. 579, this court determined otherwise and held that a liability insurer of an intoxicated person could not recover sums paid by it in settlement of liability claims against its insured, who injured persons while driving his car in an intoxicated condition caused by the consumption of liquor purchased from defendants.

In New Amsterdam Cas. Co. v. Gerin, 9 Ill.App.2d 545, the court, after quoting from Economy Auto Ins. Co. v. Brown, 334 Ill. App. 579, said: "The (Dramshop) act itself and the cases decided on the point indicate that since it is remedial the act should be given a liberal construction, but even under a liberal construction we cannot construe the act beyond the intent of the legislature. The well-known principle of construction, ejusdem generis, precludes extension of the term 'other person' beyond the classes spe-

cifically enumerated. To be included, therefore, within the term 'other person' the injured party must be of the same general classification as a 'husband, wife, child, guardian or employer.' There is no indication that the legislature intended 'other person' to include an insurance carrier."

Counsel for appellants argue that the insurance company would not have been required to pay the money to the widow of James J. Dillon except for the acts of the intoxicated person in shooting and killing plaintiff's employee, and, therefore, under the Dramshop Act, the intoxication and not the insurance policy or contract was the proximate cause of said payment and damage to the plaintiff. This argument overlooks the fact that the plaintiff insurance company would not have had to pay the widow the $6,375 which it paid her had it not been for the insurance policy which it had issued to Robert Eager. We are unable to see any material difference between the situation involved here and that presented in Economy Auto Ins. Co. v. Brown, supra, where we held that plaintiff's alleged property loss was in consequence of its policy of insurance.

Neither the claim of appellant for the alleged loss of profits in his hotel business nor his claim for reimbursement for the amount paid his employee's widow under the provisions of the Workmen's Compensation Act are claims for injuries to his property within the meaning and established construction of the Dramshop Act. Only tangible property, real or personal, are within its provisions. A pecuniary loss is not covered. The instant complaint, therefore, did not state a cause of action, and the judgment of the trial court, so holding, should be affirmed.

Judgment affirmed.

CROW, J., concurs.