Town of City of Champaign and Pearl Ewing, Plaintiffs. Town of City of Champaign, Plaintiff-Appellant, v. Overmeyer's Inc., Defendant-Appellee.

## Gen. No. 10,179.

Third District.

August 11, 1958.

Rehearing denied October 3, 1958.

Released for publication October 3, 1958.

Greaves & Harper, of Champaign, for plaintiff-appellant.

Wilson, Siebert, Lynaugh & Abney, of Springfield (John P. Lynaugh, of counsel) for defendant-appellee.

PRESIDING JUSTICE ROETH delivered the opinion of the court.

The question involved in this appeal is a narrow and limited one. It is so conceded by both parties.

The plaintiff is a township. It commenced an action under the 1955 Amendment of the Dramshop Act, Ill. Rev. Stat. 1955, Chap. 43, Section 135, against the defendant dramshop keeper claiming that it was injured in its property.

The defendant filed a motion to dismiss, assigning as the sole and only ground for dismissal the following:

"The Town of the City of Champaign is not a proper plaintiff within the purview of the Illinois Dramshop Act, under which this Complaint is filed."

The trial court sustained the motion and dismissed the complaint. From that order this appeal was taken.

Plaintiff in its brief states that the issue on this appeal is a limited one and that it is whether a Township as a body politic is to be considered as a "person" within the language of the 1955 Amendment of the Dramshop Act. Defendant at the outset of its brief also states that this is the sole issue. We therefore expressly limit our opinion to the sole issue as defined by the parties.

Prior to the adoption of the 1955 Amendment to section 135 of the Dramshop Act that section, Ill. Rev. Stat. 1953, Chap. 43, provided:

524

"Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; . . . ."

In a series of decisions, Economy Auto Ins. Co. v. Brown et al., 334 Ill. App. 579, 79 N.E.2d 854; New Amsterdam Casualty Co. v. Gerin, 9 Ill.App.2d 545, 133 N.E.2d 723; and Eager et al. v. Nathan et al., 14 Ill.App.2d 418, 144 N.E.2d 629, the courts of Illinois in construing the phrase "other person," applied the principle of ejusdem generis and held that the phrase meant a person of like classification as "husband, wife etc." The construction was succinctly laid out in New Amsterdam Casualty Co. v. Gerin, supra, where the court said:

"There is a good basis in the principles of legislative construction for the conclusion of the Economy case. The act states that 'every husband, wife, child, parent, guardian, employer or other person, who shall be injured in person or property, . . . shall have a right of action. . . .' Ill. Rev. Stat. 1953, Chap. 43, Section 135. The act itself and the cases decided on the point indicate that since it is remedial the act should be given a liberal construction. Ill. Rev. Stat. 1953, Chap. 43, Section 94; Economy Auto Ins. Co. v. Brown, 334 Ill. App. 579, 583. But even under a liberal construction we cannot construe the act beyond the intent of the legislature. The well known principle of construction, ejusdem generis, precludes extension of the term 'other person' beyond the classes specifically enumerated. To be included, therefore, within the term

'other person' the injured party must be of the same general classification as a 'husband, wife, child, guardian or employer.' There is no indication that the legislature intended 'other person' to include an insurance carrier."

The court noted, however, as follows:
"The Economy case was decided in 1948 and if this decision did not truly interpret the legislative intent, ample time has intervened during which the legislature could have clarified its intention by amendment."

Following these decisions the Legislature in 1955 amended Sec. 135 of the Dramshop Act. It now provides:
"Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication in whole or in part, of such person; . . ."

Thus it will be observed that the Legislature has eliminated the enumeration of specific classes of persons. When the Legislature revises a statute it must be presumed that the Legislature took cognizance of the prior decisions of the courts construing and interpreting the prior law. If, after a statute has been construed and interpreted, the Legislature makes radical changes in phraseology, an intention is thereby shown to establish a rule different from that announced by the courts. Where by amendment or revision, words are stricken from a statute it must be concluded that the Legislature deliberately intended to change the law. I. L. P. Statutes Par. 161; McLaughlin v. People, 403 Ill. 493, 87 N.E.2d 637; Towers v. Schull, 3 Ill. App.2d 358, 122 N.E.2d 62. We are therefore of the opinion that by the elimination of the enumeration of

the specific classes of persons, the Legislature has evinced an intention to broaden the classification of an injured party.

By Ill. Rev. Stat. 1957, Chap. 131, Sec. 1, it is provided

"In the construction of statutes the provisions of Sections 1.01 to 1.22, inclusive, shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute."

and by Section 1.05, it is provided

" 'Person' or 'persons' as well as all words referring to or importing persons, may extend and be applied to bodies politic and corporate as well as individuals."

■ We are therefore of the opinion that plaintiff as a Township and body politic comes within the 1955 Amendment as a "person" and that the Circuit Court of Champaign County was in error in holding to the contrary.

The judgment of the Circuit Court of Champaign County is therefore reversed with directions to overrule the motion of defendant and for further proceedings in accordance with this opinion.

Reversed and remanded.

REYNOLDS and CARROLL, JJ., concur.