SERENA B. BURKE *et al.*, Plaintiffs-Appellants, *v.* THE DEPARTMENT OF REGISTRATION & EDUCATION *et al.*, Defendants-Appellees.

First District (4th Division)    No. 79-1402

Opinion filed May 1, 1980.—Rehearing denied May 29, 1980.

William J. Larned, of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, Serena B. Burke, Suthida Earmsmuth, Belen B. Ledda, Philomena Viegas and Srisamorn Bancham appeal from an order entered by the circuit court of Cook County affirming the denial of registered nurse licensure to them by the defendant, the Department of Registration & Education (the Department). On appeal the plaintiffs argue (1) Rule K(b), under which they were denied licensure by endorsement, does not apply to them, and (2) that application of Rule K(b) to them results in a denial of equal protection and due process.

The Illinois Nursing Act (Ill. Rev. Stat. 1977, ch. 111, par. 3401 *et seq.*) provides that one must be licensed in order to practice professional nursing in Illinois. One method of qualifying for an Illinois license is to pass the national test pool examination in Illinois. The examination is administered periodically, in identical form, in each of the 50 States. It consists of five subject areas and a passing grade is required for each subject.

Rule K(b), which was duly promulgated by the Department, provides:

"Applicants who fail a test or tests three times must repeat the entire course, both theory and nursing practice, in that subject matter area in an approved program of nursing before they will be permitted to write the test for the fourth time."

The second method of qualifying for a license is known as "licensure by endorsement." If a person has been licensed in another State which has "substantially equal" licensing requirements, that person may be licensed "by endorsement" in Illinois without taking the examination. Ill. Rev. Stat. 1977, ch. 111, par. 3428.

In determining whether the licensing provisions of other States are "substantially equal" to Illinois' licensing requirements, the Department has looked to Rule K(b)'s provision for repeating courses in the failed subjects. The Department has interpreted "substantially equal" to mean that where another State does not have a three-failure rule comparable to that contained in Rule K(b), the "substantially equal" requirement has not been met.

The nurses here have each passed the examination in other States following at least three failures. Three of the plaintiffs failed the exam twice in Illinois and two of the plaintiffs failed the exam three times in Illinois before being successful in other States. They each applied in Illinois for licensure under the endorsement provision of the statute. Each plaintiff was advised that because of the number of times she had failed the examination her application would not be considered by the Department until she had taken the Rule K(b) courses.

Rule K(b) has been interpreted in various ways since 1972. Although the record and briefs are rather unclear as to the different interpretations and when they occurred, we believe the following sequence is accurate.

The rule was initially interpreted so as not to count examination failures which occurred prior to 1972, the year in which Rule K(b) was promulgated. Furthermore, until June of 1974, an applicant could fail the examination three times in Illinois, subsequently pass the examination in another State and be licensed in that other State, and be eligible for licensure by endorsement in Illinois without repeating the course work specified in Rule K(b).

In June 1974, the Department decided that if an individual failed the examination three times in Illinois he or she could not get an Illinois license without repeating the course work *even if* that person subsequently passed the examination in another State, and was licensed by that other State.

This interpretation led to legal proceedings in 1975, brought on behalf of applicants who had failed the examination three times in Illinois and subsequently passed it in another State but who, unlike those failing the examination three times or more in other States, were required to

repeat courses under Rule K(b) in order to be licensed in Illinois. Those actions were settled by granting licensure by endorsement to the plaintiff/applicants. Pursuant to the settlement, persons similarly situated were also permitted to submit applications for licensure by endorsement within 90 to 120 days.

Finally, in June of 1977, the Department determined that failures in States other than Illinois should be treated no differently from failures occurring in Illinois. Beginning with that date, the Department has been denying licensure by endorsement to any applicant who has failed the examination three times in *any* State unless the Rule K(b) course requirements have been completed.

The Department did not revise its written Rules and Regulations in response to these changes in the interpretation of Rule K(b). It continued to distribute copies of the 1972 Rules and Regulations which contain Rule K(b) as quoted above.

Prior to the oral argument in this case the Department filed with the court a copy of its amended administrative regulations. The amended rules became effective on January 14, 1980, and were published in the Illinois Register on February 5, 1980. They appear to make clear that applicants for licenses, whether through examination or by endorsement, must take "additional formal study" in the failed subject areas following a third failure.

An administrative review action was filed by the plaintiffs following the Department's denial of their applications for licensure by endorsement. The circuit court affirmed the Department's ruling.

On appeal the plaintiffs argue their due process rights were violated when the Department changed its interpretation of Rule K(b) without notice. They also contend they reasonably relied upon the Department's licensure by endorsement of the similarly situated plaintiffs in the previous litigation.

The Department argues it is not bound to follow its former interpretation of Rule K(b) if it subsequently determines that that interpretation was incorrect. The Department also contends it has the powers to construe its own rules and regulations to avoid unjust or absurd results.

The issue is whether the plaintiffs' due process rights were violated when the Department changed its interpretation of Rule K(b) without notice. The plaintiffs concede that the Department has the right to change its interpretation of Rule K(b); their argument rather is that the Department cannot change its interpretation without notice.

A number of cases have held that an agency's custom or practice, as well as its interpretation of its rules, is binding on the agency just as a statute would be. *Scheffki v. Board of Fire & Police Commissioners*

(1974), 23 Ill. App. 3d 971, 320 N.E.2d 371; *Olin Corp. v. Pollution Control Board* (1977), 54 Ill. App. 3d 480, 370 N.E.2d 3; *Holland v. Quinn* (1978), 67 Ill. App. 3d 571, 385 N.E.2d 92.

In *Briscoe v. Kusper* (7th Cir. 1970), 435 F.2d 1046, the court found a due process violation where the Board of Election Commissioners barred 12 candidates from the ballot in the 1967 Chicago aldermanic elections in part on the basis of a new procedure under which the Board for the first time sustained objections to petition signatures on duplication grounds. The court noted:

> "The Board may not deviate from such prior rules of decision on the applicability of a fundamental directive without announcing in advance its change in policy. This is especially true where, as here, fundamental, constitutionally protected liberties are adversely affected, and those interested require certain knowledge of what is expected of them by the state. Until such time as the Board makes public its new determination, it is constitutionally prohibited from imposing that rule on unsuspecting persons." 435 F.2d 1046, 1055.

According to the testimony below, the plaintiffs, believing that out-of-State failures would not be counted under the Rule K(b) "three failure rule," left the State of Illinois and repeated the examination elsewhere until they were licensed by another State. They then applied for licensure by endorsement in Illinois and were informed that they would have to take additional courses as was required under the new, unpublished interpretation of Rule K(b). Under earlier interpretations the plaintiffs would have been eligible for licensure by endorsement.

We conclude the plaintiffs' constitutionally protected interest in pursuing their chosen profession of nursing demands that, as in *Briscoe*, notice be given of a change in an interpretation of a rule which will substantially affect applicants for licensure before that new interpretation is binding. See generally Note, "Violations By Agencies of Their Own Regulations," 87 Harv. L. Rev. 629 (1974).

For the foregoing reasons the judgment of the circuit court is reversed and the cause is remanded to the Department for further proceedings.

Reversed and remanded.

LINN, P. J., and JOHNSON, J., concur.