*In re* MEDICAL LICENSE OF DR. RICARDO MUNOZ.—(DR. RICARDO MUNOZ, Petitioner-Appellant, *v.* THE DEPARTMENT OF REGISTRATION AND EDUCATION, Respondent-Appellee.)

First District (3rd Division)    No. 79-2429

Opinion filed November 18, 1981.

William J. Harte, Ltd., of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Myra Turner, Assistant Attorney General, of counsel), for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The petitioner, Dr. Ricardo Munoz, appeals from an order of the circuit court of Cook County which affirmed a decision of the Director of the Department of Registration and Education (Department). The Director had held that the petitioner was not eligible to receive a license to practice medicine in the State of Illinois. On appeal, the petitioner con-

tends that his hearing before the Medical Examining Committee did not comply with the requirements of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1977, ch. 127, par. 1001 *et seq.*) and due process of law.

On November 18, 1977, the petitioner filed a complaint for *mandamus* in which he sought to compel the Department to issue a medical license to him. The petitioner alleged that on two occasions in 1968 he took and passed the National Board Examination[1] and that he was entitled to receive a license to practice medicine in Illinois.

Subsequently on May 31, 1978, the petitioner's attorney wrote the Director, requesting:

"* * * a hearing from the Department on the issue why has not the Department given Mr. Munoz his license to practice medicine in spite of the fact that Mr. Munoz took and successfully passed the two examinations he took in 1968. If the Department has proof to the contrary, Mr. Munoz wants to see the *original* examinations signed by him so that he could see where and if he failed. * * * We are hereby formally requesting a hearing from the Department on the above described issue."

On June 5, 1978, Beatrice Taylor, unit supervisor, responded on behalf of the Department that:

"Time has been allocated for an interview between the Illinois Medical Examining Committee and Dr. Munoz on June 14, 1978, * * * Please have Dr. Munoz bring with him such materials as he feels supports his claim for licensure in this matter."

At the hearing the petitioner produced a copy of a form letter dated April 2, 1968, from the Department which stated that he had failed the National Board Examination. However, the scores typed on the copy of the letter indicated that he had sufficient points to pass the examination. The petitioner further stated he subsequently received a second copy of the April 2, 1968 letter, but the scores on the second copy indicated that he had failed the examination. The petitioner asserted that he did not receive the original copy of either letter.

The petitioner also produced a copy of a notification from the Department of Personnel which indicated that in October of 1968 he passed an examination given by the Department of Personnel which allowed him to be employed by a State hospital. This examination differed from the National Board Examination, which was given by the Department of Registration and Education.

Petitioner's attorney asked to see the original examination and petitioner's answer sheet. Beatrice Taylor testified that the test booklets and answer sheets are sent to the testing service for scoring and are routinely

---

[1] In order to receive a medical license in Illinois, a person must pass the requisite examination. Ill. Rev. Stat. 1977, ch. 111, par. 4409.

destroyed after a certain period of time. Taylor also asserted that the Department always mails the original letter to the test taker informing him of the results of the National Board Examination.

The Medical Examining Committee found that Munoz had not passed the National Board Examination. Thus, it recommended to the Director that Munoz be denied a medical license. On April 19, 1979, the Director adopted this recommendation and ordered that a license to practice medicine should not be issued to Munoz.

Subsequently, the trial court allowed the petitioner to amend his complaint for *mandamus* to be a complaint for administrative review. On November 27, 1979, the trial court affirmed the Director's decision. The petitioner appeals.

On appeal the petitioner does not challenge the correctness of the Department's finding. Rather, he asserts that he did not receive adequate notice of the fact that a hearing would be conducted before the Medical Examining Committee. Petitioner contends that his attorney only requested an opportunity to examine the test materials and that he was unaware of the Department's intention to conduct a hearing on his qualifications. Thus, he was unprepared to present evidence in his behalf and to cross-examine witnesses.

■■ The petitioner argues that his hearing did not comply with the general principles of due process of law. We disagree. The essence of procedural due process is notice and an opportunity to be heard. (*Distaola v. Department of Registration & Education* (1979), 72 Ill. App. 3d 977, 391 N.E.2d 489.) The petitioner certainly had adequate notice of the hearing since his attorney personally requested it. Although the petitioner now claims that he only asked for an opportunity to examine the test materials, his attorney's letter specifically requested a hearing on the issue of whether the petitioner passed the examination. Furthermore, the Department's response advised the petitioner to bring any materials which supported his claim for licensure. We believe that this correspondence indicates that the petitioner was adequately notified of the nature of the hearing.

■■ The petitioner also contends that the Department did not comply with the more strict notice requirements of the Administrative Procedure Act. (Ill. Rev. Stat. 1977, ch. 127, par. 1010(a).) These requirements are applicable only in a "contested case" which is an adjudicatory proceeding where the aggrieved party is entitled *by law* to a hearing before his rights, duties or privileges can be determined by a State agency. Ill. Rev. Stat. 1977, ch. 127, par. 1003.02.

■■ The State argues that the instant case is not a contested case as defined by the Administrative Procedure Act. We agree. The applicable law in the instant case, the Medical Practice Act (Ill. Rev. Stat. 1977, ch. 111, par.

4401 *et seq.*), does not require a hearing before the Department can determine whether or not an applicant has passed the requisite medical examination for the issuance of a license to practice medicine. Since this was not a contested case as defined by the Administrative Procedure Act, the strict notice requirements of that Act were not applicable.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P. J., and McNAMARA, J., concur.