Marvin J. ARONSON,
Plaintiff-Appellant,

v.

Judy E. HALL, individually and as Executive Secretary of the State Board for Psychology of the State Education Department of the University of the State of New York, Gordon M. Ambach, individually and as Commissioner of Education of the University of the State of New York, Frank C. Abbott, individually and as Assistant Commissioner for the State Education Department of the University of the State of New York, The State Education Department, The University of the State of New York and The New York State Board of Regents, Defendants-Appellees.

No. 1139, Docket 82–7856.

United States Court of Appeals, Second Circuit.

Argued April 11, 1983.

Decided May 19, 1983.

Richard M. Kraver, New York City (Kraver & Martin, New York City, of counsel), for plaintiff-appellant.

Ellen Bronzo, Asst. Atty. Gen., State of New York, New York City (Robert Abrams, Atty. Gen. of the State of New York, George Zuckerman, Deputy Sol. Gen., New York City, of counsel), for defendants-appellees.

Before MANSFIELD, VAN GRAAFEILAND and FRIEDMAN,* Circuit Judges.

PER CURIAM:

This appeal by Dr. Marvin J. Aronson from a judgment of the Eastern District of New York, Thomas C. Platt, *Judge,* denying his motion for a preliminary injunction and dismissing his complaint under 42 U.S.C. § 1983, raises the same issues as those presented in *Charry v. Hall,* 709 F.2d 139 (2d Cir.1983), an action against the same defendants in which the parties are represented by the same counsel. Dr. Aronson, like Dr. Charry the holder of a Ph.D. degree from New York University in a program formally entitled "Human Relations and Social Policy," which Aronson claims to be the substantial equivalent of a doctoral degree in psychology as provided in

* Of the United States Court of Appeals for the    Federal Circuit, sitting by designation.

**694**

§ 7603(2) of Article 153 of the Education Law of the State of New York, invokes federal jurisdiction on the ground that defendants denied him due process of law in violation of his constitutional rights by refusing to permit him to take an examination required by state law to enable him to qualify for a license as a psychologist without first granting him an evidentiary hearing with respect to the issue of substantial equivalency.

For the reasons stated by us in our opinion in *Charry*, which is filed simultaneously herewith, we affirm the judgment of the district court. Although there are minor factual differences between this case and *Charry*, the material facts relevant to the due process issue are the same. Indeed, the record indicates that Dr. Aronson waived some of his procedural due process rights. On October 6, 1982, he was advised by letter that the State Board for Psychology had decided that his application to take the examination was rejected because his doctoral degree was not one in psychology and he was informed that he could appeal the decision to the State Board of Regents and could have a one hour personal appearance with counsel before the State Board for Psychology if he requested it.

Dr. Aronson did not take advantage of the offer to appear before the Board for Psychology. Nor did he appeal its decision to the Board of Regents. Having chosen not to pursue available administrative review, Dr. Aronson is hardly in a position to claim that such review denied him due process. Notwithstanding his contention that a one hour hearing with counsel was inadequate, nothing prevented him from accepting the offer and, if the time proved insufficient, requesting further time to offer witnesses such as Profs. Hawkinshire, Stang and Trachtman. In any event, for the reasons stated by us in detail in *Charry*, we hold that the undisputed administrative review procedure provided by the state, being reasonably calculated to uncover and correct any error that may have occurred in denying Dr. Aronson the right to sit for the examination, did not deny him due process.

The judgment of the district court is affirmed.