Richard M. **BOYER, PH.D.,** Appellant,

v.

**STATE BOARD OF EXAMINERS OF PSYCHOLOGISTS,** Appellee.

No. 76627.

Court of Appeals of Oklahoma, Division 1.

June 30, 1992.

---

**52.** *See supra* notes 42 & 43.

V. Burns Hargis, Hartzog, Conger, Cason and Hargis, Oklahoma City, for appellant.

Susan Brimer Loving, Atty. Gen. and Rabindranath Ramana, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Judge:

Appellant (Boyer) sought licensure as a psychologist on two alternative bases. Appellee (Board) was called upon to determine if Boyer's education would allow him to sit for an examination under 59 O.S.Supp.1984 § 1362 or whether he could be licensed on a reciprocal basis without examination under 59 O.S.Supp.1984 § 1362 because he had been licensed by the State of Ohio since 1986.

The Board asked for information about Boyer's education and other qualifications. The Board voted not to approve Boyer's application for a psychologist's license on May 21, 1988 and on November 12, 1988. Boyer appeared with counsel at the Board's meeting on May 6, 1989 and requested reconsideration of the Board's findings. The Board again voted not to license Boyer on a reciprocal basis and determined he was not qualified to sit for examination.

Boyer sought judicial review of the Board actions and requested a writ of mandamus directing Board to find him eligible for licensure. Boyer argued the Board was required to hold an individual proceeding under either the Oklahoma Administrative Procedures Act (APA), 75 O.S.1991 § 309 and § 314, or that due process required such a hearing under Article II, Section 7 of the Oklahoma Constitution.

The trial court found Boyer had received an appropriate hearing satisfying applicable due process requirements, the Board determination was supported by substantial evidence, and the licensure denial was neither arbitrary nor capricious. The trial court denied a motion for summary judgment filed by Boyer and granted Board's counter motion for summary judgment. On appeal, Boyer argues the trial court erred in finding an individual hearing was not required. He also claims the record was insufficient for the trial court to conclude the Board did not act arbitrarily or capriciously.

Boyer cites § 309 and § 314 of the APA as authority for his argument a more formal proceeding than the hearing he received was required. Board argues there must be another source of law requiring a formal hearing before § 314 comes into play and invokes the individual proceeding requirements of § 309. We agree § 314 does not require an individual proceeding until some independent authority requires such a hearing. *Stewart v. Rood,* 796 P.2d 321 (Okla.1990).

Boyer points to no independent statutory basis for an individual proceeding. Instead, he argues general due process principles in support of his right to an individual proceeding. Boyer reasons that because he has a property interest in his profession he must be accorded an individual proceeding before his property right may be affected. However, none of the authorities cited require a hearing akin to the § 309 individual proceeding under circumstances similar to those presented in this case.

Due process is not a technical conception with a fixed content. Rather, what due process is dictated depends upon three factors: (1) the nature of the interest to be protected; (2) the risk a given procedure will result in an erroneous deprivation of the interest and the probable value of additional procedural safeguards; and (3) the government's interest and the burdens, both administrative and financial, created by using additional procedures. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

Clearly, Boyer has a property interest in his profession. This property interest exists in his right to take the examination, but, as was stated in *Charry v. Hall,* 709 F.2d 139, 145 (2nd Cir.1983),

"[t]he right to take an examination, while important enough to be classified as a constitutionally protectible property interest, hardly approximates the importance of a vested property right such as a license itself." The right to sit for an examination or to reciprocal licensing present different considerations than a revocation of an existing license.

Boyer was permitted to provide evidentiary materials in support of his claims that his graduate education met the criteria for examinees and reciprocal licensure. Beginning in November, 1987 and continuing through May 21, 1988, the Board sought information about Boyer's qualifications. Inquiry did not end in 1988. Boyer was able to gather and submit evidence of his qualifications through May 6, 1989 when he appeared and was assisted by counsel.

█ While Boyer had a property interest in his profession, more formal, trial-type proceedings would have increased the burden on Board without a concomitant reduction in the risk of error. Boyer had the opportunity to be heard and to present materials supporting his application, and he was represented by counsel. On this record the procedures employed to determine whether Boyer qualified for licensure were adequate. *Munoz v. Department of Registration and Education*, 101 Ill. App.3d 827, 57 Ill.Dec. 457, 428 N.E.2d 1137 (1981). There was no error in refusal to qualify Boyer to sit for the examination, *Charry v. Hall*, 709 F.2d at 145; *Accord Aronson v. Hall*, 707 F.2d 693 (2nd Cir. 1983), nor is there any independent basis in law requiring an individual proceeding on the issue of reciprocity. *Stewart v. Rood*, 796 P.2d at 326.

█ The Board's action on Boyer's application was not an "individual proceeding", and, as noted in *Stewart v. Rood*, Boyer had no right to appeal to District Court. The trial court's order denying that appeal is therefore affirmed. However, Boyer also requested a writ of mandamus. Resolution of this request involves additional questions.

█ The issuance of a writ is addressed to the sound discretion of the trial court. *Fears v. Cattlemen's Investment Company*, 483 P.2d 724 (Okla.1971). Unless the judgment of the trial court is arbitrary, capricious, or an abuse of discretion, its determination must not be disturbed. *Dale v. City of Yukon*, 618 P.2d 954 (Okla.App.1980).

█ Boyer has not directed our attention to any authority holding, on facts such as those presented here, that the Board is required to issue him a license. He seeks a writ of mandamus not because the Board has failed to act, but because he contends the Board has abused its discretion and acted arbitrarily and capriciously. He does not seek action. Rather, he seeks to compel the Board to act in a particular way. Mandamus does not lie to compel an official to exercise discretion in a particular way, unless discretion has been clearly abused. *Draper v. State*, 621 P.2d 1142 (Okla.1980). Unless the evidence before the Board required it to approve Boyer's application, a writ of mandamus was appropriately denied.

The equivalency of Ohio and Oklahoma's requirements for psychologists was within the Board's area of expertise and will be accorded great weight. The Board concluded Ohio's licensing requirements calling for an earned doctoral degree in psychology found at Revised Ohio Code Chapter 4732.10 are not the substantial equivalent of the "doctoral program primarily based upon an organized psychology program of study" required by 59 O.S.Supp. 1984 § 1362(1), and that Boyer's graduate degree was best characterized as a theology program rather than a psychology program. The trial court found this conclusion supported by the evidence, and we agree. The trial court did not err in failing to issue a writ of mandamus.

AFFIRMED.

GARRETT, P.J., and BAILEY, J., concur.