Stanley **GLANZ**, Sheriff of Tulsa County, and Board of County Commissioners of Tulsa County, Appellants,

v.

Larry **McCRAY** d/b/a Larry's Snack Shop and State Department of Rehabilitation Services, Appellees.

No. 81689.

Court of Appeals of Oklahoma, Division No. 3.

July 19, 1994.

As Corrected July 22 and July 26, 1994.

David Moss, Dist. Atty., Dick A. Blakeley, Asst. Dist. Atty., Tulsa, for appellants Stan-

ley Glanz, Sheriff of Tulsa County, and Bd. of County Commissioners of Tulsa County.

Charles Lee Waters, Gen. Counsel, Howard J. Pallotta, Asst. Gen. Counsel, Dept. of Human Services, Oklahoma City, for appellees.

Richard Blanchard, Tulsa, for appellee, Larry McCray.

## MEMORANDUM OPINION

BAILEY, Judge:

Stanley Glanz, Sheriff of Tulsa County (Sheriff), and the Board of County Commissioners of Tulsa County (County or, collectively, Appellants) seek review of an order of the Trial Court granting the application for writ of mandamus by Larry McCray d/b/a Larry's Snack Shop (McCray) and the State of Oklahoma ex rel. the Department of Human Services (DHS). In this appeal, Appellants assert the Trial Court never acquired personal jurisdiction and, in the alternative, error of law and fact by the Trial Court in granting the requested relief.

As part of the blind-vendor program in Oklahoma, DHS trains and certifies individuals to operate vending facilities at federal, state, and county properties. DHS supplies vending machines, initial stock loans, and fixtures, and maintains the equipment therein. Pursuant to 7 O.S.1991 § 73, local and state authorities must give priority to the blind to operate such vending facilities. Although 19 O.S.1991 § 180.43(D) allows sheriff's departments to operate their own commissary, that statute also provides that nothing therein "shall circumvent the provisions of [7 O.S. § 73]."

DHS received a permit to operate a vending business at the Tulsa County Courthouse and has been doing so since 1953. McCray is currently the manager of the vending facilities in the Tulsa County Courthouse, and in addition to operation of a snack bar and vending machines, McCray added a jail commissary service in 1986 at the request of the Sheriff's department.

In January 1993, Sheriff notified DHS that Sheriff intended to operate its own commissary and would accept bids therefor. DHS's bid for operation of the jail commissary was rejected without explanation.

On March 25, 1993, DHS filed three separate pleadings requesting a temporary restraining order, a temporary injunction, and alternative writ of mandamus. Appellants received service of the pleadings, summons, and notice of hearing on the request for a temporary restraining order. On March 31, 1993, the Trial Court heard evidence on DHS's request for a temporary restraining order and granted same over Appellants' objection to the Trial Court's jurisdiction. The Trial Court refused to grant a peremptory or alternative writ at that time, however, and set a date for hearing on the merits thereof.

On April 27, 1993, Appellants filed an answer, again objecting to the Trial Court's jurisdiction, but also raising affirmative defenses to the merits of DHS's claim. Both parties presented evidence at hearing, at the conclusion of which the Trial Court granted DHS's request for writ of mandamus, directing Appellants to allow DHS to operate the jail commissary. Appellants appeal.

Appellants base their challenge to the Trial Court's jurisdiction on three statutory provisions: (1) 12 O.S.1991 § 1454, providing that where the right to require the performance of an act is clear, "a peremptory mandamus may be allowed in the first instance; in all other cases, the alternative writ must be first issued;" (2) 12 O.S. § 1456, requiring personal service of the writ; and (3) 12 O.S. § 1459, proscribing any pleadings in a mandamus action other than the writ and answer. Thus, Appellants argue that inasmuch as no form of writ was issued or served on them prior to the hearing on DHS's petition for writ, the Trial Court lacked jurisdiction over Appellants and erred in permitting DHS to proceed.

■ However, we find Appellant's argument fatally flawed. That is, all mandamus actions are initiated by a written pleading, but the Trial Court is not required to issue the writ without a show cause hearing:

The motion for the writ must be made upon affidavit, and the court may require a notice of the application to be given to the adverse party, or may grant an order to

show cause why it should not be allowed, or may grant the writ without notice.

12 O.S. § 1455.

In the present case, DHS obtained personal service on Appellants of DHS's applications for temporary injunction, temporary restraining order, and writ of mandamus. The Trial Court did not initially grant DHS's application for writ of mandamus but, rather, set a date for hearing. In that regard, the Trial Court afforded Appellants an opportunity to show cause why the requested writ should not issue, and we hold that only when the writ issues does § 1456 require personal service thereof upon the respondent. Here, Appellants seek review only of the Trial Court's order granting the requested extraordinary relief, and we find no suggestion in the appellate record that DHS did not obtain personal service thereof on Appellants. Under these circumstances, we conclude the Trial Court did not err in denying Appellants' challenge to personal jurisdiction.

Appellants also complain the Trial Court's findings lack legal and sufficient evidentiary support. However, a trial court's judgment granting extraordinary relief will not be disturbed on appeal unless arbitrary, capricious, or affected by an abuse of discretion.[1]

We have reviewed the record and find the Trial Court's decision, setting out its findings of fact and conclusions of law, neither legally erroneous, nor arbitrary or capricious, nor affected by an abuse of discretion. Rather, we find the Trial Court's decision, appended hereto, more than adequately explains the decision. On that basis, we hold the order of the Trial Court granting DHS's application for Writ of Mandamus should be and hereby is therefore AFFIRMED.[2]

HANSEN, P.J., and JONES, J., concur.

---

1. *Boyer v. State Board of Examiners,* 834 P.2d 450, 453 (Okl.App.1992).

2. Rule 1.202(d), Rules of Appellate Procedure in Civil Cases, 12 O.S.1991, Ch. 15, App. 2.