2013 OK CIV APP 11

**Charles CAVETT, Ph.D., Psy.D., Petitioner/Appellant,**

v.

**STATE of Oklahoma, ex rel. STATE BOARD OF EXAMINERS OF PSYCHOLOGISTS, Respondent/Appellee.**

**No. 109,889.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 20, 2012.

Steven L. Tolson, Edmond, Oklahoma, for Petitioner/Appellant.

E. Marissa Lane, Assistant Attorney General, Oklahoma City, Oklahoma, for Respondent/Appellee.

KENNETH L. BUETTNER, Presiding Judge.

¶1 Petitioner/Appellant Charles Cavett, Ph.D., Psy.D. appeals the district court's dismissal of his Petition for *De Novo* Review of Respondent/Appellee State Board of Examiners of Psychologists' (the Board) decision to deny his application for licensure. Upon *de novo* review, we hold the district court lacked jurisdiction to review the Board's decision denying Cavett's application for licensure, and the district court's order is AFFIRMED.

¶2 Cavett has a Ph.D. in counseling and psychology from Southwestern Baptist Theological Seminary in Dallas, Texas and a Psy.D. in clinical psychology from Argosy University in Dallas, Texas. Cavett filed an application to sit for the licensing exam and become a licensed clinical psychologist in the State of Oklahoma. The Board denied Cavett's application September 22, 2009. Cavett's application was denied because the doctoral program at Argosy University was not accredited by the American Psychological Association (APA), and it was not a new specialty or an area where no accreditation existed. Cavett requested that the Board reconsider his application. The Board agreed to reconsider its decision and requested supplemental information from Cavett. On January 22, 2011, the Board denied Cavett's motion to reconsider and upheld its original decision denying his application to sit for the licensing exam.

¶3 Cavett filed a Petition for *De Novo* Review in district court. Cavett asserted that the district court had jurisdiction to review the Board's denial of his application because the Board converted his request for reconsideration into an individual proceeding, thereby entitling him to the protections of Art. II, § 7 of the Oklahoma Constitution and the Oklahoma Administrative Procedures Act (OAPA). 75 O.S. §§ 309, 314. Cavett also argued that the course of conduct of the Board created an exception to the rule of law set forth in *Boyer v. State Board of Examiners of Psychologists,* 1992 OK CIV APP 80, 834 P.2d 450 (holding the Board's action on an application for licensure was not an individual proceeding, and the applicant had no right to judicial review). The Board filed a motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. *See* 12 O.S. § 2012(B)(1), (6). The district court granted Board's motion to dismiss and found the court lacked jurisdiction to hear Cavett's Petition for *De Novo* Review, because Cavett did not have an individual proceeding before the Board, and he was not entitled to an individual proceeding under the OAPA. Cavett appeals. The standard of review for questions concerning the jurisdictional power of the trial court to act is *de novo. Dilliner v. Seneca–Cayuga Tribe,* 2011 OK 61, ¶ 12, 258 P.3d 516, 519.

¶4 Cavett asks this Court to recognize an exception to the rule of law that the Board's denial of an application for licensure is not subject to judicial review. *See Boyer,* 1992 OK CIV APP 80, 834 P.2d at 453. Cavett asserts that the Board, by its course of conduct, converted his application for licensure into an individual proceeding within the meaning of the OAPA and, therefore, the district court erred in finding it lacked jurisdiction to review the Board's decision. Cavett does not cite any authority supporting an exception to *Boyer* and the OAPA based on the Board's course of conduct.

¶5 The Board argues that Cavett was not entitled to an individual proceeding, and Cavett did not have an individual proceeding before the Board. Therefore, Cavett is not entitled to judicial review of the Board's decision. The Board asserts that an individual proceeding is not required for the issuance or denial of a new license, and the Psychologists Licensing Act does not provide an individual proceeding for the denial of a new license. *See* 59 O.S. §§ 1351–1376. The Psycholo-

gists Licensing Act only affords an individual proceeding for the suspension, revocation, or any other action taken against a licensee, *i.e.,* a psychologist who *already holds a license,* and Cavett has never held a license in the State of Oklahoma. *See* 59 O.S. §§ 1370, 1370.1. After an individual proceeding, the Board issues a final order, which may be appealed to the district court as provided in the OAPA. *Id.* § 1370(D). The Board argues the record does not support Cavett's claim that the Board converted his motion to reconsider into an individual proceeding. The Board notes that formal notice of an individual proceeding was never issued to Cavett. No trial-like proceeding occurred where Cavett was given the opportunity to testify, present witnesses, or provide oral argument. Cavett's application was only set as an agenda item at regular meetings. The Board never issued findings of fact and conclusions of law. The Board did not issue a final order. The Board argues that according to *Boyer,* Cavett is not entitled to judicial review of the Board's action on his application for an initial license.

¶ 6 Under the OAPA, the issuance or denial of a license to practice psychology does not require an individual proceeding. *See* 75 O.S. § 314(A). The Psychologists Licensing Act does not provide an individual proceeding for the denial of an application to sit for the licensing exam. *See* 59 O.S. §§ 1351–1376. In *Boyer,* the Court of Civil Appeals held due process does not demand that the applicant have an individual proceeding on his application. *See* 1992 OK CIV APP 80, 834 P.2d at 453. The *Boyer* court held that "[t]he Board's action on Boyer's application was not an 'individual proceeding,' and, as noted in *Stewart v. Rood,* Boyer had no right to appeal to District Court. The trial court's order denying that appeal is therefore affirmed." *Id.*[1]

¶ 7 The facts in *Boyer* are strikingly similar to the facts before this Court. Boyer had never been licensed in Oklahoma, and he applied for licensure on the basis of reciprocity. The Board denied Boyer's application and, because his doctoral program did not satisfy the licensing requirements, determined he was not qualified to sit for the licensing exam. Boyer asked the Board to reconsider its denial of his application and submitted supplemental information for the Board's review. After reconsideration, the Board upheld its decision to deny Boyer's application to sit for the licensing exam. Cavett has not provided any authority supporting his request that we diverge from *Boyer* nor has Cavett persuasively distinguished the facts of this case from the facts in *Boyer.* Cavett has no right to judicial review of the Board's decision to deny his application for licensure. Therefore, we affirm the district court's dismissal of Cavett's Petition for *De Novo* Review.

¶ 8 AFFIRMED.

JOPLIN, V.C.J., and GOREE, J., concur.

---

1. In *Stewart v. Rood,* 1990 OK 69, 796 P.2d 321, the Supreme Court of Oklahoma determined: [T]he term individual proceeding refers to only one process and it has only one meaning, to wit: the trial-type process delineated by the Legislature in §§ 309–317 of the [OAPA] and only when opportunity for such process is required by separate statutory or constitutional mandate will judicial review be appropriate under the OAPA. *Id.* at 329 (overruled on other grounds).